# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| **CHIMNEY SAFETY INSTITUTE OF AMERICA** | Case No. 06-C-871 |
| Plaintiff | |
| vs. | **PERMANENT INJUNCTION AND ORDER** |
| **ADVANCED CHIMNEY SPECIALISTS, LLC; JEFF HIGGINS** | |
| Defendants. | |

---

GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED AS FOLLOWS:

1. ADVANCED CHIMNEY SPECIALISTS, LLC and JEFF HIGGINS, their officers, agents, employees, and representatives, all those persons in active concert or participation with them, and any business entity performing chimney cleaning in which either ADVANCED CHIMNEY SPECIALISTS, LLC or JEFF HIGGINS has an ownership interest or control (collectively referred to hereinafter as "Defendants"), shall be enjoined and restrained from engaging in, committing, performing, directly or indirectly, by any means whatsoever, any of the following acts:

    (a) Using the trademark and/or certification mark "CERTIFIED CHIMNEY SWEEP CHIMNEY SAFETY INSTITUTE OF AMERICA®" plus design, U.S. Patent and Trademark Office registration number 1,825,664, or the service mark "CERTIFIED CHIMNEY SWEEP®," U.S. Patent and Trademark Office registration number 1,874,274, or any confusingly similar designation alone or in combination with other words, in any state of the United States of

America or any territory under the jurisdiction of the United States of America, to market, advertise or identify Defendants' goods and services or related products.

  (b) Representing, implying, or advertising that Defendants, or any one of them, and/or any agent, employee or representative of Defendants, are "Certified" by CSIA or a "Certified Chimney Sweep," or otherwise unfairly competing with or inferring certification by CSIA in any manner whatsoever.

  (c) Using the trademarks, certification marks, and/or service marks of the National Chimney Sweep Guild ("NCSG"), including mark with service mark registration number 1,250,041 and design only serial number 73,247,135 ("Sweep With an Umbrella Logo"), registered to the NCSG, in any state of the United States of America or any territory under the jurisdiction of the United States of America, to market, advertise or identify Defendants' goods and services or related products.

  (d) Otherwise infringing CSIA's or NCSG's registered marks.

2. Defendants, and each of them, shall further be required to do the following to implement compliance with this injunction:

  (a) Discontinue the use of and remove the marks "CERTIFIED CHIMNEY SWEEP CHIMNEY SAFETY INSTITUTE OF AMERICA®" plus design and "CERTIFIED CHIMNEY SWEEP®," the trademarks, certification marks, and/or service marks of the NCSG, including the NCSG Sweep With an Umbrella Logo, and any other references to certification by CSIA or membership in the NCSG, under the control of and/or utilized by Defendants, and each of them, from the date of this Stipulated Permanent Injunction and Order, from:

2

(i) Any and all motor vehicles, product labels, signs, business cards, place cards, banners, or product literature;

(ii) Any and all advertising materials, including but not limited to yellow page or other telephone book advertisements, except current editions of yellow page or other telephone books already distributed;

(iii) Any and all promotional materials, including brochures, proposals to customers, price lists, and/or invoices from this date forward;

(iv) Any and all electronic data information, web pages, and internet advertising from this date forward.

(b) From this date forward, Defendants, and each of them, shall discontinue the use of any and all references to the trademark and/or certification mark "CERTIFIED CHIMNEY SWEEP CHIMNEY SAFETY INSTITUTE OF AMERICA®" plus design or service mark "CERTIFIED CHIMNEY SWEEP®," or references that Defendants are, or any of them is, "Certified" by CSIA or a "Certified Chimney Sweep" or employ a "Certified Chimney Sweep," in any state of the United States of America or any territory under the jurisdiction of the United States of America in connection with the advertising, marketing, or sale of any services provided by Defendants, their officers, agents, employees, or representatives.

(c) From this date forward, Defendants, and each of them, shall discontinue the use of any and all reference to the trademarks, certification marks, and/or service marks of the NCSG, including the Sweep With an Umbrella Logo, in any state of the United States of America or any territory under the jurisdiction of the United States of America in connection

3

with the advertising, marketing, or sale of any services provided by Defendants, their officers, agents, employees, or representatives.

>    (d)    The fact that Defendants, or any of them, may employ a duly certified chimney sweep shall not affect the operation of this injunction.

3. Defendants, and each of them, shall comply with, and complete the removal, and/or undertake all necessary steps for the removal of the marks "CERTIFIED CHIMNEY SWEEP CHIMNEY SAFETY INSTITUTE OF AMERICA®" plus design and "CERTIFIED CHIMNEY SWEEP®," and the trademarks, certification marks, and/or service marks of the NCSG, including the NCSG Sweep With an Umbrella Logo, and any other references to certification by CSIA or membership in the NCSG, all as specified above, no later than thirty (30) days from the date of this Order. In addition to the foregoing, with regard to the advertising materials identified in paragraph 2(a)(ii) above, Defendants shall send a letter via certified mail to all yellow page or other telephone book advertisers that publish advertisements or other materials on behalf of Defendants displaying, using, or incorporating any of the aforementioned trademarks, certification marks, service marks of CSIA or the NCSG or other references requesting removal of all such references prior to publication of such advertisements or other materials and shall send copies of all such letters to CSIA.

4. This court shall retain jurisdiction of this case for the purpose of simple enforcement of this Permanent Injunction and Order.

5. Any proceeding before this court to enforce the terms of this Permanent Injunction and Order shall be resolved by means of a noticed motion without the necessity of filing a new and separate action. The parties to such proceedings will be permitted to submit

evidence and memoranda of points and authorities according to the ordinary briefing requirements for a noticed motion, as set forth in the Federal Rules of Civil Procedure and this court's local rules then in effect.  The court shall have discretion to allow live testimony or other evidence in addition to any documentary evidence or declarations submitted a part of the noticed motion briefings.  The court shall determine whether Defendants or any of them has violated the terms of this Stipulated Permanent Injunction and Order pursuant to this definition.  A "violation" shall be defined as the failure to comply with paragraphs 1, 2, or 3 above.

6. In the event that the court finds that Defendants or any of them has violated this Permanent Injunction and Order, the court shall award Plaintiffs damages and attorneys' fees as determined by the court.

IT IS SO ORDERED this 8th day of November, 2006..

s/ William C. Griesbach
WILLIAM C. GRIESBACH
U.S. DISTRICT JUDGE